JOHN M. DEHM

V.

CITY OF HAVANA ET AL.

*Municipal Corporations—Purchase of Land for Cemetery—Issue of Bonds—Bill to Enjoin Payment and Cancel Purchase—Statutes—Ordinances and Resolutions—Certificate of Evidence—Practice—Modification of Decree.*

In a proceeding to enjoin the payment of certain bonds issued by a municipal corporation, upon the purchase by it of certain lands for cemetery purposes, and to cancel the purchase, it is *held:* That the injunction obtained by the plaintiff in the court below as to the first series of bonds should have been made perpetual, it not appearing that they were returned upon the subsequent and valid issue of bonds for the same purpose; that the ordinance for the purchase of said lands under which the second issue of bonds was made, complied with the statute, and was a valid exercise of municipal author-

Dehm v. City of Havana.

ity; that persons employed by virtue of the resolution authorizing the purchase and the first issue of bonds are entitled to compensation, although the first purchase was invalid, there being a "contingent fund" previously appropriated out of which they can be paid; and that the title to the lands in question, though subsequently acquired, relates back to the time when the labor was performed.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Mason County; the Hon. L. LACEY, Judge, presiding.

Mr. HORACE G. PARKINS, for appellant.

Messrs. R. J. COONEY and JOHN W. PITMAN, for appellees.

WALL, J. By resolution adopted March 5, 1887, the city of Havana (incorporated under the general law) authorized its committee on cemetery to purchase from Reuben A. Henninger a tract of land lying near the city for cemetery purposes, for the sum of $2,000, and by another resolution adopted March 8th, the mayor and clerk were authorized to issue four city bonds of $500 each, bearing seven per cent. interest, etc., and deliver the same to said Henninger in payment for said land. It was also resolved that the ground should be surveyed and platted.

On the 15th of April, 1887, the appellant filed his bill in chancery against the appellees setting up the facts of said transaction and alleging that the deed had been received by the city and the bonds exchanged for the same.

The bill sought to enjoin the payment of the bonds and to cancel the purchase. A temporary injunction was obtained and duly served, preventing all steps toward the payment of the bonds or the improvement of the land. It was charged in the bill that the land, containing sixty acres, was largely in excess of any present or prospective need for cemetery purposes, and by reason of its location and quality was unsuitable; but, as seems to be conceded, the real objection was, that at no time before the purchase or the issuance of the bonds,

had the city provided for the payment of a direct annual tax to meet the interest and principal of the debt thus incurred, in pursuance of the provisions of the act in force regulating such municipal corporations. Clause 5, Sec. 62, Chap. 24, R. S. It is not disputed that for the reason last stated said resolutions and bonds were void.

The city being advised of the illegality of its action, passed another resolution on the 80th of April, for the purchase of the land on the same terms, and for the issuance of the bonds as before, with a provision for an annual tax to pay the same, which was designed to be in conformity with said statutory requirements.

On the 20th of May the appellant filed an amendment to the original bill for the purpose of preventing the payment of certain bills to one James Boggs and one John P. Faulkner, for work done by them in surveying said grounds, and a bill to one Benton, who was a member of the city council, for similar work on the premises, charging that there had been no previous order or appropriation for the services rendered by the said persons. On the 9th of May the appellant filed a bill in the nature of a supplemental bill to enjoin the payment of the bonds issued under the resolution of April 30th.

The city being advised that the action taken on the last named date should have been by ordinance rather than by resolution, abandoned the proceedings under said resolution and on the 4th of June, passed an ordinance, No. 36, in supposed compliance with the statute, and also on the same day passed the regular annual appropriation ordinance, which contained provisions for the payment of the interest on the bonds for the first year. The mayor vetoed ordinance No. 36, but on the 2d of July it was duly passed over his veto by a vote of two-thirds of the council, and was then duly published, and was in force on the 18th of July, as was also the appropriation ordinance. On the 19th of July appellant filed his second supplemental bill to enjoin the delivery and payment of the bonds provided for by ordinance No. 36, but obtained no injunction thereon, and on the 20th of July Henninger again conveyed the land to the city and received the bonds provided for in ordinance No. 36.

On the 1st of August appellant filed his third supplemental bill praying that the deeds and bonds should be declared void, and that the city should be enjoined from levying taxes in payment of the bonds.

At the August term the whole controversy was submitted to the Circuit Court and was disposed of in one general order. The appellees had, on the 9th of May, answered the original bill, and had, on the 14th of May, filed a motion before one of the judges of the circuit, in chambers, to dissolve the injunction previously issued, which motion was overruled, and they had demurred to the second and third supplemental bills. The Circuit Court, by this order, sustained the demurrer to said second and third supplemental bills, (the first supplemental bill of May 9th was abandoned by the appellant,) and as to the original bill and the amendment thereto, which the court considered, upon the answer and certain oral evidence, there was a decree that the complainant should take nothing except as to the Benton account, as to which the injunction was made perpetual. Errors are now assigned which question the propriety of the conclusions thus reached by the Circuit Court.

So far as the original bill and its amendment are concerned, there is no controversy that the relief prayed should have been granted to the extent of canceling the bonds issued under the resolution of March 8th, but it is insisted by counsel for appellee that it is apparent from the record that those bonds had been returned to the city in exchange for bonds issued under ordinance No. 36, and hence there is no occasion to make perpetual the injunction issued as to them.

We are referred to the statement contained in the motion to dissolve the injunction on the 14th of May, to the effect that Henninger had the bonds first issued ready "to be delivered back to the city" whenever the bonds provided for by the resolution of April 30th should be executed and delivered to him. We are unable to find, anywhere in the record, that, as a matter of fact, or even as a matter of reasonable inference, those confessedly illegal bonds were ever surrendered, and, so far as shown by the record, they are yet outstanding. It was, therefore, but right and proper that the injunction

should be made perpetual as to them, and no doubt the omission to do so was through a misconception as to the true state of the record.

This inadvertence is not surprising in view of the confusion occasioned by the frequent change of position, and the consequent change of the pleadings, as above set forth. It is urged that the court erred in not holding invalid the claims of Boggs and Faulkner, for surveying and platting the cemetery grounds, before the city obtained a title. When this work was done the city had a deed from Henninger, and it was by virtue of the resolution of March 8th, that the committee employed these claimants.

The justification for the payment of these bills now suggested is that there was an item in the annual appropriation bill, of the previous fiscal year, for " contingent fund," under which there was a large unexpended sum in the treasury that had been provided for and collected under said appropriation bill and the tax levy ordinance of the same year, and which must be devoted to such expenditures as these.

Whether the provision thus made for a " contingent fund " was as definite and specific as the law requires, we shall not undertake to determine. We think it is sufficient to say that the fund having been provided for by the city and collected from the taxpayer without protest or objection, it is too late now to urge the point for this purpose, nor do we think that the fact that the city had a deed to the property which would, perhaps, or probably, be set aside, is a sufficient reason for refusing payment of these accounts. Whatever may be the logic of the situation, considering only what had transpired when this work was done, we are inclined to hold that a title subsequently perfected should relate back to that period, so as to afford equitable protection to these men whose work has been appropriated by the city, and the benefit of which the city may legally enjoy.

Nor do we feel called upon to consider whether the purchase of the land in question was judicious. That was for the city to determine for itself. It had the power, expressly conferred by clause 79 of Sec. 62, Chap. 24, to acquire lands, by

Dehm v. City of Havana.

purchase or otherwise, for a cemetery within or without the corporation.   If it be admitted that in case of a palpable and fraudulent abuse of authority in this respect a court of equity would interfere to prevent an improper use of corporate funds, still we see nothing in the facts of the present case to warrant such interference.

It is urged that the certificate of evidence which was heard under the issues made upon the original bill, recites that the cause was heard on the 9th of August, when, as appears of record, the hearing was on the 6th; hence the evidence contained in the certificate can not be considered for the purpose of supporting the decree.   This was probably a misrecital as to the date.   At any rate it is evident that the testimony was taken on the hearing, whether the true date was the sixth or the ninth.

A point is made that, as appears by the decree, there was a hearing of the suit, whereby the demurrer to the second and third supplemental bills was waived, and therefore it must be supposed that those bills were dismissed on the merits, and there being no evidence to support such a decree of dismissal, there is error in the record.

This proceeds upon an incorrect view of the decree.   It is plainly stated in the decree that the court heard the case as to the original bill and the amendment thereto upon the answer to the bill, and upon evidence as to the issue raised by the amendment, and that as to the supplemental bills numbers two and three (number one having been abandoned), the case was heard upon the demurrer to said bills, and the court, upon consideration and argument, held said bills to be insufficient in law.

There was no objection to the mode adopted by the court in disposing of the entire controversy, and while it would have been more in accord with the regular course to have disposed of the demurrer to the supplemental bills before proceeding to try the case upon the original bill, yet this, at most, is but a mere irregularity, which was, no doubt, consented to as a matter of convenience to all, and should occasion no complaint here.

The chief and important question in the case arises upon the demurrer to the second and third supplemental bills, which is as to the validity of the bonds issued under ordinance No. 36. That ordinance provided that a cemetery should be established upon the land described containing sixty acres, etc., offered to the city at the price and on the terms then particularly set forth, which were accepted, and the land was thereby ordered to be acquired and forever used for a cemetery, and that upon a conveyance to the city four bonds of $500 each should be issued, said bonds to bear interest at the rate of seven per cent. per annum, and respectively mature in two, three, four and five years. They were to be executed by the clerk on behalf of the city and to be delivered to Henninger.

Section two of the ordinance provided that to pay the principal and interest on the bonds as they should mature, the sum of $2,490 was appropriated out of the city revenues, to be directly and annually assessed and levied upon the taxable property within the city, and to be collected in yearly parts as follows: For the fiscal year beginning in the year 1887, $140 to pay the interest on all the bonds for the first year; for the fiscal year beginning in 1888 the sum of $640 to pay the interest on all the bonds for the second year, and the principal of the bond then falling due; and so on specifically with reference to the principal and interest of each of the other bonds, the last payment to be made from the funds raised during the fiscal year beginning in 1891; and it further provided that a certified copy of the ordinance should be filed with the county clerk, who was thereby directed to ascertain the necessary rate per cent. and extend the tax each year, and that the money so to be raised should be collected, and having been collected, should be by the city treasurer applied to payment of the principal and interest on said bonds respectively, as the same should become due and payable.

The annual appropriation ordinance for the fiscal year beginning May 7, 1887, contained an item of $140 for interest on cemetery bonds, being the amount mentioned in ordinance No. 36.

The city is incorporated under the general law, and must be governed by the provisions thereof. It is urged by appellant

that there has been a failure to comply with Sec. 63, ¶ 5, which relates to the power to borrow money on the credit of the corporation for corporate purposes and issue bonds there·for, and declares that, " before or at the time of incurring any indebtedness (the city) shall provide for the collection of a direct annual tax, sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years after contracting the same."

We are of opinion that this provision has been fully com_plied with by the terms of Sec. 2 of said ordinance 36, wherein there is expressly enacted all that is required by the letter as well as the spirit of the statute. As we read it nothing has been omitted.

It is also argued that there is a failure to comply with ¶ 90, (Sec. 2 of Art. 7 of the same Chap. 24) which provides that the city shall, within the first quarter of each fiscal year, pass an ordinance to be termed the annual appropriation bill, in which such sums as may be deemed necessary, etc., shall be appropriated, specifying the objects and purposes and the ·amount for each; and no further appropriation shall be made at any time during that fiscal year, unless specially authorized by a majority of the legal voters through a petition signed by them, or at an election.

It has been stated that the annual appropriation bill for the fiscal year beginning May 7, 1887, contained an item of $140 for the first year's interest on the bonds. Nothing more is necessary for that year, and as we conceive, there has been a full compliance with this provision, even conceding that this section is applicable to bonded indebtedness created and pro-vided for pursuant to ¶ 5 of Sec. 63.

Counsel for appellant urge also, that ¶ 92 (being Sec. 4 of Art. 7), Chap. 24, has been disregarded. It provides that " no contract shall hereafter be made by the city council * * * and no expenses shall be incurred * * * whether the object of the expenditure shall have been ordered by the city council * * * or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided." The argument is that

the contract in this case was made when, by ordinance 36, the proposition of Henninger was accepted, and that there was then no appropriation ordinance in force. The contract which it is sought to set aside in this case consists of the bonds which were in fact not issued until the 20th of July, which was two days after the ordinance 36 and the annual appropriation bill were in force by publication, so that if it be conceded this section applies to a bonded indebtedness payable beyond the current year, issued and provided for under ¶ 5 of Sec. 63, still there is no failure to comply with this requirement.

It is argued on behalf of appellees that when a debt is incurred and provided for under said ¶ 5, it is not subject to the requirements of ¶ 90 and ¶ 92; that ¶ 5 is complete in itself and when its terms are complied with, there is no necessity to regard the requirements of 90 and 92, which are applicable merely to current yearly expenditures.

It might happen in many instances that compliance with all these provisions would be impossible, e. g., where a purchase is made and bonds issued after the passage of the annual appropriation bill containing no clause or item touching the subject. In such case, if the construction contended for by appellant is correct, the city, though having a chance to make a favorable arrangement, could not avail of it until after the passage of the next annual appropriation bill, whereby the authority conferred by ¶ 5 would become conditional and contingent in every instance upon the possibility of complying, not only with its provisions, but also with ¶ 90 and ¶ 92, thus superadding a qualification by construction, not found in or suggested by the language of the paragraph.

There is great force in the argument thus presented, but we do not find it necessary to pass upon it in view of the peculiar facts of this case, by which there is a compliance with all these provisions.

Considering the whole case we see nothing to which valid exception may be taken, aside from the omission to declare void the bonds issued under the resolution of March 8, 1887.

The decree is hereby so modified as to declare said bonds invalid and the injunction will be made perpetual as to them. In all other respects the decree will be affirmed. Each party will pay his own proper cost in this court.

*Decree modified and affirmed.*